# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JUAN G. MONTOYA and MONICA P. OLIVARI,

    Plaintiffs,

v.

Case No: 6:17-cv-1312-Orl-37TBS

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant Nationstar's Motion to Strike Plaintiffs' Jury Trial Demand (Doc. 24). Plaintiffs Juan G. Montoya and Monica P. Olivari have filed a response in opposition to the motion (Doc. 29), and Nationstar has filed a reply (Doc. 35).

## Background

The mortgage on Plaintiffs home is held by Deutsche Bank National Trust Company as Trustee for the Certificateholders of HIS Asset Securitization Trust 2006-HE2, and serviced by Nationstar (Doc. 1, ¶ 17-18; Doc. 1-2 at 48-49). In 2008, Deutsche Bank filed suit to foreclose the mortgage (Doc. 1, ¶ 15). Plaintiffs allege that when the case went to trial in 2014, Nationstar, as servicer on behalf of Deutsche Bank, took a voluntary dismissal (Id., ¶ 18; Doc. 1-2 at 52). This resulted in a finding by the trial court that Plaintiffs were the prevailing party and they were awarded approximately $20,000 in attorney's fees and costs (Id., ¶ 19). According to Plaintiffs, Nationstar paid the fee and cost award (Id.).

Plaintiffs allege that after Nationstar paid their fees and costs and the fees and

costs owed to the lawyers representing Deutsche Bank, it added those sums, together with $1,061 in property inspection fees to the mortgage debt (Id., ¶¶ 22, 29). Plaintiffs believe that the property inspection fees were incurred primarily in connection with the foreclosure action in which they prevailed (Id., ¶ 29).

Between January and May 2017, Nationstar sent Plaintiffs "dunning letters" in an attempt to collect the debt secured by the mortgage (Doc. 1-3 at 14, 17, 21, 31). Plaintiffs aver that these letters included in the amount due, the legal fees and property inspection fees for the foreclosure case (Id.).

Plaintiffs contend that in April, 2017, Nationstar, as attorney-in-fact for Deutsche Bank, caused a second foreclosure action to be filed against them (Doc. 1, ¶ 20). In that lawsuit, Deustche Bank allegedly seeks the legal fees and property inspection fees from the first foreclosure case (Id., ¶ 21).

In May, 2017, Plaintiffs requested a payoff letter and validation of the debt (Id., ¶ 28). The law firm representing Deutsche Bank in the second foreclosure action provided a response (Doc. 1-3 at 107). According to Plaintiffs, the response includes the attorney's fees and property inspection fees from the first foreclosure case (Id.). Plaintiffs allege that the information in the response was provided by Nationstar (Doc. 1, ¶ 29).

Plaintiffs maintain that because they prevailed in the first foreclosure case, the fees and costs Nationstar incurred in that action cannot lawfully be added to the mortgage debt (Id., ¶ 29). Now, Plaintiffs are suing Nationstar in this Court for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2), 1692e(10) and 1692f; the Florida Consumer Collection Practices Act, FLA. STAT. § 559.72(9); and breach of contract (Id.). Plaintiffs have informed the Court that the breach of contract claim is due to be dismissed but it still remains in the case (Doc. 29 at 2).

Plaintiffs request a trial by jury on their claims against Nationstar (Id., at 26). Nationstar has moved the Court to strike the jury trial demand based upon the following language in the mortgage:

> **Jury Trial Wavier**. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. 1-2 at 14).

## Discussion

The right to a trial by jury, although protected by the Seventh Amendment, can be constitutionally waived by knowing and voluntary agreement. Milsap v. Cornerstone Residential Mgmt., Inc., No. 05-60033-CIV-MARRA/JOHNSON, 2007 WL 965590, at *1 (S.D. Fla. Mar. 28, 2007) (collecting cases). Because Plaintiffs do not dispute the validity of the jury trial wavier, no further discussion of this point is necessary (Doc. 29 at 3, 5).

Plaintiffs contend that the wavier does not apply to their statutory claims because when they signed the mortgage, they could not reasonably have known Nationstar would attempt to collect from them, legal fees and other expenses that are not validly part of the mortgage debt (Id., at 5). Plaintiffs also argue that Nationstar cannot enforce the waiver of trial by jury because it is not: (1) the owner or holder of the promissory note and mortgage; (2) a signatory to the mortgage; (3) in privity of contract with Plaintiffs; (4) an assignee of the note and mortgage; or (5) an agent of Deutsche Bank with the right to enforce the jury trial waiver (Id., at 5-6). In support of their arguments, Plaintiffs cite Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1166 (9th Cir. 1996) ("[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party

to the contract."), and Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992) ("[A] jury waiver provision in a contract affects only the right of the parties to that contract.").

Plaintiffs have waived their right to a trial by jury "in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. 1-2 at 14). To determine the scope of this provision, the Court focuses

> … on whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties. Disputes that are not related–with at least some directedness–to performance of duties specified by the contract do not count as disputes "arising out of" the contract, and are not covered by the standard arbitration clause … However, where the dispute occurs as a fairly direct result of the performance of contractual duties … then the dispute can fairly be said to arise out of or relate to the contract in question …

Milsap, 2007 WL 965590, at *3 (quoting Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir. 2001)).

It can fairly be said that Plaintiffs' claims against Nationstar relate to the note and mortgage and are therefore, subject to the waiver contained in the mortgage. The Court reaches this conclusion in part because whether Nationstar has the right to add the fees in question to the mortgage debt depends upon the terms of the loan documents. Those loan documents are the sole source of the relationship between Plaintiffs and Nationstar. And, Plaintiffs' claims arise out of Nationstar's performance of its duties as loan servicer.

The Court rejects Plaintiffs' contention that they did not have a reasonable expectation that in the event of default, the mortgage holder, or its servicer, would not resort to debt collection practices including dunning letters and a lawsuit. Moreover, even

if the Court's analysis to this point is wrong, the breach of contract claim is still in the case and thus, the waiver applies.

Next, the Court finds that Plaintiffs are equitably estopped from challenging Nationstar's enforcement of the jury trial waiver (Doc. 35 at 4-5). In <u>Bailey v. ERG Enterprises, LP</u>, the Eleventh Circuit explained:

> Equitable estoppel allows a nonsignatory to enforce the provisions of a contract against the signatory in two circumstances: (1) when the signatory to the contract relies on the terms of the contract to assert his or her claims against the nonsignatory and (2) when the signatory raises allegations of interdependent and concerted misconduct by both the nonsignatory and one or more to the signatories to the contract. In essence, equitable estoppel precludes a party from claiming the benefits of some of the provisions of a contract while simultaneously attempting to avoid the burdens that some other provisions of the contract impose.

705 F.3d 1311, 1320 (11th Cir. 2013) (internal citation omitted).

Here, Plaintiffs, as signatories to the mortgage, are attempting to make a claim under that instrument, against nonsignatory Nationstar. Because Plaintiffs' claims against Nationstar depend on the terms of the note and mortgage, the Court finds that Plaintiffs are equitably estopped from challenging Nationstar's assertion of the jury trial waiver.

Even if equitable estoppel did not apply, Plaintiffs allege that Nationstar is the attorney-in-fact for Deutsche Bank. They also allege that Nationstar had the power to dismiss the first foreclosure case and direct the filing of the second case. If true, then it appears that Nationstar is not only the loan servicer, but also an agent for Deutsche Bank. As agent, Nationstar would have the right to enforce the jury trial waiver.

For these reasons, Nationstar's motion is **GRANTED**, and Plaintiffs demand for trial by jury is **STRICKEN** from their complaint.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record